

**ORIGINAL**

1  Ralph B. Kalfayan (SBN 133464)
   David M. Watson (SBN 219705)
2  KRAUSE, KALFAYAN, BENINK & SLAVENS LLP
   625 Broadway, Suite 635
3  San Diego, California 92101
   Telephone: 619-232-0331
4  Facsimile: 619-232-4019

5  Attorneys for Plaintiff and the Putative Class

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  ROBERT CADEMY, on behalf of himself and )   **CV 08** No.        **0055**
11  all others similarly situated,           )

12                          Plaintiff,       )
                                             )   **CLASS ACTION COMPLAINT**
13         vs.                               )
                                             )
14  NVIDIA CORPORATION; ATI                  )   **JURY TRIAL DEMANDED**
    TECHNOLOGIES, INC.; and ADVANCED         )
15  MICRO DEVICES, INC.                      )
                                             )
16                          Defendants.      )
                                             )
17  _____     )

18         Plaintiff, by his attorneys, brings this civil action for damages and injunctive relief on

19  behalf of himself and all others similarly situated against the above-named Defendants and

20  demands a trial by jury, complains and alleges as follows:

21                          **JURISDICTION AND VENUE**

22         1.     This complaint is filed pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26,

23  to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, to

24  recover damages under state antitrust and consumer protection laws, and to recover the costs of

25  suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly

26  situated sustained as a result of Defendants' violations of those laws.

27         2.     The Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and

28  1337. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because those

1    claims are related to the federal claims such that they form part of the same case or controversy.

2    The Court also has jurisdiction over the state law claims under 28 U.S.C. § 1332 because the

3    amount in controversy for the Class exceeds $5,000,000 and there are members of the Class who

4    are citizens of a different state than the Defendants.

5        3.    Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391

6    because Defendants reside, transact business, or are found within this District, and a substantial

7    part of the events giving rise to the claims arose in this District.

8        4.    The activities of the Defendants and their co-conspirators, as described herein,

9    were within the flow of, were intended to, and did have a substantial effect on the foreign and

10   interstate commerce of the United States.

11                                      **DEFINITIONS**

12       5.    As used herein, the term "Graphics Processing Units and Cards" are highly

13   specialized semiconductors and related products that increase the speed, complexity and visual

14   fidelity of digital images that can be displayed on graphical interfaces.

15       6.    As used herein, the term "Class Period" means the time period between

16   November 30, 2002 and the present.

17                                      **THE PARTIES**

18       7.    Plaintiff Robert Cademy, a California resident, indirectly purchased Graphics

19   Processing Units and Cards from one or more of the Defendants during the Class Period for his

20   own use and not for resale and was injured as a result of Defendants' illegal conduct.

21       8.    Defendant Nvidia Corporation ("Nvidia") is a business entity organized under the

22   laws of Delaware, with its principal place of business in Santa Clara, California 95050. During

23   the Class Period, Defendant Nvidia manufactured, sold and distributed Graphics Processing

24   Units and Cards to customers throughout the United States. Nvidia had $2.375 billion in

25   revenues in 2005.

26       9.    Defendant ATI Technologies, Inc. ("ATI") is a Canadian unlimited liability

27   company formed under the Alberta Business Corporations Act with its principal place of

28   business located at 1 Commerce Valley Drive East, Markham, Ontario, Canada L3T 7X6.

CLASS ACTION COMPLAINT            - 2 -

1    During the Class Period, Defendant ATI manufactured, sold and distributed Graphics Processing

2    Units and Cards to customers throughout the United States. Nvidia had $2.222 billion in

3    revenues in 2005.

4        10.    Defendant Advanced Micro Devices, Inc. ("AMD") is a corporation organized

5    under the laws of the State of Delaware with its principal place of business located at One AMD

6    Place, P.O. Box 3453, Sunnyvale, California 94088-3453. On July 24, 2006 AMD and ATI

7    announced a plan to merge together in a deal valued at $5.4 billion U.S. dollars. The merger

8    closed October 25, 2006. The acquisition consideration included over $2 billion financed from a

9    loan, as well as 56 million shares of AMD stock. During the Class Period, through its

10    acquisition of ATI, AMD manufactured, sold and distributed Graphics Processing Units and

11    Cards to customers throughout the United States.

12    **Co-conspirators**

13        11.    Various others, presently unknown to Plaintiff, participated as co-conspirators

14    with the Defendants in the violations of law alleged in this Complaint and have engaged in

15    conduct and made statements in furtherance thereof.

16        12.    The acts charged in this Complaint have been done by Defendants and their co-

17    conspirators, or were authorized, ordered or done by their respective officers, agents, employees

18    or representatives while actively engaged in the management of each Defendant's business or

19    affairs.

20        13.    Each of the Defendants named herein acted as the agent or joint venturer of or for

21    the other Defendants with respect to the acts, violations and common course of conduct alleged

22    herein.

23                            **CLASS ACTION ALLEGATIONS**

24        14.    Plaintiff brings this action as a class action pursuant to Rules 23(b)(2) and

25    23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class ("the

26    Class") composed of and defined as follows:

27                All person and entities residing in the United States who, from
                 November 30, 2002 to the present, purchased computer Graphics
28                Processing Units and Cards in the United States indirectly from the

CLASS ACTION COMPLAINT            - 3 -

1   Defendants for their own use and not for resale. Specifically excluded from this Class are the Defendants; the officers, directors, or

2   employees of any Defendant; any entity in which any Defendant has a controlling interest, and any affiliate, legal representative, heir or

3   assign of any Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action

4   and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

5

6  15. This action has been brought and may be properly maintained as a class action

7 pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

8   a. The Class is ascertainable and there is a well-defined community of interest

9 among the members of the Class;

10   b. Based upon the nature of the trade and commerce involved and the number of

11 indirect purchasers of Graphics Processing Units and Cards, Plaintiff believes that the members of

12 the Class number in the thousands, and therefore is sufficiently numerous that joinder of all Class

13 members is not practicable;

14   c. Plaintiff's claims are typical of the claims of the members of the Class because

15 Plaintiff indirectly purchased Graphics Processing Units and Cards from one or more of the

16 Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the same common

17 course of conduct giving rise to the claims of the members of the Class and the relief sought is

18 common to the Class;

19   d. The following common questions of law or fact, among others, exist as to the

20 members of the Class:

21    i. whether Defendants formed and operated a combination or conspiracy to

22 fix, raise, maintain or stabilize the prices of, or allocate the market for, Graphics Processing Units

23 and Cards;

24    ii. whether the combination or conspiracy caused the price of Graphics

25 Processing Units and Cards to be higher than they would have been in the absence of Defendants'

26 conduct;

27    iii. the operative time period of Defendants' combination or conspiracy;

28

CLASS ACTION COMPLAINT  - 4 -

1               iv.     whether Defendants' conduct caused injury to the business or property of

2 Plaintiff and the members of the Class;

3               v.     the appropriate measure of the amount of damages suffered by the Class;

4               vi.     whether Defendants' conduct violates Section 1 of the Sherman Act;

5               vii.     whether Defendants' conduct violates Sections 16720 and 17200 of the

6 California Business and Professions Code;

7               viii.     whether Defendants' conduct violates the antitrust, unfair competition, and

8 consumer protection laws of the other states as alleged below; and

9               ix.     the appropriate nature of class-wide equitable relief.

10         e.     These and other questions of law or fact which are common to the members of the

11 Class predominate over any questions affecting only individual members of the Class;

12         f.     After determination of the predominate common issues identified above, if

13 necessary or appropriate, the Class can be divided into logical and manageable subclasses;

14         g.     Plaintiff will fairly and adequately protect the interests of the Class in that

15 Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel

16 competent and experienced in the prosecution of class actions and antitrust litigation to represent

17 himself and the Class;

18         h.     A class action is superior to other available methods for the fair and efficient

19 adjudication of this litigation since individual joinder of all damaged Class members is impractical.

20 The damages suffered by individual Class members are relatively small, given the expense and

21 burden of individual prosecution of the claims asserted in this litigation. Thus, absent the

22 availability of class action procedures, it would not be feasible for Class members to redress the

23 wrongs done to them. Even if the Class members could afford individual litigation, the court system

24 could not. Further individual litigation presents the potential for inconsistent or contradictory

25 judgment and would greatly magnify the delay and expense to all parties and to the court system.

26 Therefore, the class action device presents far fewer case management difficulties and will provide

27 the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single

28 court;

CLASS ACTION COMPLAINT         - 5 -

1       i.     Defendants have acted, and refused to act, on grounds generally applicable to the

2 Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

3       j.     In the absence of a class action, Defendants would be unjustly enriched because

4 they would be able to retain the benefits of their wrongful conduct.

5       k.     The Claims in this case are also properly certifiable under the laws of the State of

6 California, and of the other individual states identified below in the Fourth and Fifth Causes of

7 Action.

8 **NATURE AND TRADE OF COMMERCE**

9       16.     Throughout the Class Period, Defendants and their co-conspirators engaged in the

10 business of marketing and selling Graphics Processing Units and Cards throughout the United States.

11 Defendant Nvidia and Defendant AMD each control about 25% of the market for Graphic

12 Processing Units and Cards in the United States.

13       17.     Defendants sell their Graphics Processing Units and Cards throughout various

14 channels including to manufacturers of electronic products and devices and to resellers of Graphics

15 Processing Units and Cards. These electronic products and devices and Graphics Processing Units

16 and Cards are then sold, directly or indirectly, to consumers and are not altered during the course of

17 sale.

18       18.     California is the largest market in the world for Graphics Processing Units and Cards

19 and is the worldwide center of the PC industry and other industries that depend upon the Graphics

20 Processing Units and Cards markets. Statements concerning the prices and market conditions for

21 Graphics Processing Units and Cards were disseminated by Defendants from and into California on

22 a regular continuous basis.

23       19.     Nvidia's website represents that it is the "worldwide leader in programmable graphics

24 processor technologies." (http://www.nvidia.com/page/companyinfo.html). It further states that

25 Nvidia creates products for computing, consumer electronics, and mobile device applications. In its

26 Form 10-Q, filed with the United States Securities and Exchange Commission ("SEC") on

27 November 29, 2006, Nvidia stated that it has four major product-line operating segments: the

28

1 graphics processing unit ("GPU") business, the media and communications processor ("MCP")
2 business, the Handheld GPU business, and the consumer electronics business.

3    20.    Nvidia's GPU Business is composed of products that support desktop personal
4 computers, or PCs, notebook PCs and professional workstations. Its MCP Business is composed of
5 NVIDIA nForce products that operate as a single-chip or chipset that can off-load system functions,
6 such as audio processing and network communications, and perform these operations independently
7 from the host central processing unit ("CPU"). Nvidia's Handheld GPU Business is composed of
8 products that support handheld personal digital assistants, cellular phones and other handheld
9 devices. Its Consumer Electronics Business is concentrated in products that support video game
10 consoles and other digital consumer electronics devices, including Sony's PlayStation3 and
11 Microsoft's Xbox 360 videogame consoles.

12    21.    The Nvidia GPU and MCP brands include Nvidia GeForce, Nvidia GoForce, Nvidia
13 Quadro and Nvidia nForce. Nvidia's product applications include video games, film production,
14 broadcasting, industrial design, space exploration, and medical imaging. Nvidia further states that:
15 "The world's leading PC and Handset OEMs [original equipment manufacturers] incorporate
16 NVIDIA technology into their products, including Apple, Dell, Fujitsu Siemens, Gateway, HP, IBM,
17 Lenovo, LG Medion, Mitsubishi, Motorola, MPC, NEC, Samsung, Sony Electronics, Sony Ericsson,
18 and Toshiba." *Id.* "In addition, NVIDIA products have been adopted by the world's leading add-in
19 card and motherboard manufacturers, including ASUS, BFG, EVGA, Foxconn, GIGABYTE, MSI,
20 Palit, Point of View, and XFX." *Id.*

21    22.    Defendant ATI stated in its 2005 Annual Report that it is one of the world's leading
22 providers of graphics processors and technologies. It further stated that "Our graphics processing
23 units (GPUs) are highly specialized semiconductors that increase the speed, complexity and visual
24 fidelity of digital images that can be displayed on graphical interfaces." ATI further stated that its
25 products are found in desktop and notebook computers and consumer electronics devices, such as
26 mobile phones, digital televisions and game consoles.

27    23.    ATI's two primary markets for its semiconductor graphics products are the PC and
28 Consumer markets, and in the first quarter of fiscal 2005 it began to report its financial results in two

CLASS ACTION COMPLAINT        - 7 -

1  segments, PC and Consumer. Its PC segment includes all 3D graphics, video and multimedia
2  products, and chipsets developed for use in desktop and notebook computers, including professional
3  workstations, servers and home media PCs. Its Consumer segment includes products used in mobile
4  phones, PDAs, DTVs and consumer electronics. In the PC segment, ATI's desktop GPU primary
5  brands include Radeon (desktop products), FireGL (workstations), and Alli-in-Wonder (multimedia
6  products). Its brand for notebook computer discrete products is Mobility Radeon. ATI's chipset
7  products are targeted to motherboard manufacturers and OEMs, and include the Radeon Xpress
8  CrossFire Edition chipsets designed to be used in conjunction with one or more discrete graphics
9  chips in graphically demanding applications such as gaming.

10      24.    In its consumer segment, ATI products are designed to provide advanced visual and
11  audio processing for color mobile phones and other handheld devices, and include ATI's Imageon
12  product line. With respect to digital television, ATI's Xilleon and Theater products are highly
13  integrated visual and signal processing solutions offered to DTV and set-top box manufacturers. In
14  the game console market, the Microsoft Xbox 360 and Nintendo GameCube both utilize ATI's
15  products.

16      25.    ATI sells its products through various channels and to customers, including OEM's,
17  system integrators who build ATI's products into their PC's, original design manufacturers who add
18  ATI's products to their PC motherboard products or graphic board products, and both traditional and
19  online distributors and retailers.

20      26.    The market for the manufacture and sale of Graphics Processing Units and Cards is
21  conductive to the type of collusive activity alleged here. That market is oligopolistic in nature.

22      27.    The market for the manufacture and sale of Graphics Processing Units and Cards is
23  subject to high manufacturing and technological barriers to entry. Efficient fabrication plants are
24  large and costly. Graphics Processing Units and Cards are also subject to technological advances, so
25  that firms within the industry must undertake significant research and development expenses.

26      28.    The Graphics Processing Units and Cards industry has also been subject to significant
27  consolidation during the Class Period.

28

CLASS ACTION COMPLAINT                - 8 -

**DEFENDANTS' ILLEGAL CONDUCT**

29.     On November 30, 2006, Defendant AMD announced that it "has received a subpoena from the U.S. Department of Justice (DOJ) Antitrust Division in connection with the DOJ's investigation into potential antitrust violations related to graphics processors and cards." (http://www.amd.com/us-en/Corporate/VirtualPressRoom/0,,51_104_13744~114493,00.html).

30.     On December 1, 2006, Defendant Nvidia announced that it had received a subpoena from the San Francisco Office of the Antitrust Division of the Department of Justice in connection with the DOJ's investigation into potential antitrust violations related to Graphics Processing Units and Cards. (http://www.nvidia.com/object/IO_37789.html). A spokeswoman for the DOJ, Gina Talamona, said the agency is looking into anticompetitive practices within the graphics processing unit and cards industry.

31.     A report on the December 1, 2006 *Associated Press Financial Wire* indicated: "[t]he Department of Justice investigators asked Nvidia for pricing documents, customer agreements and other documents, company spokesman Michael Hara said Friday. 'They have asked for a pretty big data dump that goes back to the late '90s,' Hara said. 'It's a fairly broad request.'"

32.     A December 2, 2006 article in the *San Francisco Chronicle* expanded on Mr. Hara's remarks: "Michael Hara, vice president of corporate communications at Nvidia, said the Justice Department requested documents going back eight or nine years. 'It's a broad range of documents relating to customers, competitors, product stack, prices, market studies – everything, pretty much,' he said."

33.     Regular users of Nvidia and ATI graphics cards have voiced suspicions of price-fixing collusion between the two companies in recent years. One commentator has compared DOJ's investigation of Graphics Processing Units and Cards to its successful prosecution of manufacturers of Dynamic Random Access Memory ("DRAM"), which has resulted in $731 million in criminal fines: "if the DOJ wanted to, it could just go down every line in the semiconductor industry and find the same issue,' said Gartner Inc. analyst Richard Gordon. That's because there are a relatively few number of suppliers in the chip industry and an open

CLASS ACTION COMPLAINT                - 9 -

1  flow of communication between competitors and customers, who may not define price fixing the
2  same way the DOJ does, he said."

3      34.    Other news reports contained similar comments by analysts. The *San Jose*
4  *Mercury News* in an article published December 2, 2006 had this to say: "I have to believe this
5  stuff traces back into history,' said Dough Freeman, an analyst with American Technology
6  Research. 'As a consumer, I have noticed that the price points of video cards have always been
7  pretty equal. The first mover comes out with a product that is $500 and the follower comes out
8  with a product that is $500. They tend not to be in price wars.' Ashok Kumar, an analyst with
9  Raymond James, said the Justice Department was possibly alerted by customers, such as PC
10 makers or the so-called white-box clone PC makers based in Taiwan who try to keep their prices
11 as low as possible. 'The question is, do prices fall with the normal trajectory of the costs?'
12 Kumar said."

13     35.    Defendants and their co-conspirators have engaged in a contract, combination,
14 trust or conspiracy, the effect of which was to raise the prices at which they sold Graphics
15 Processing Units and Cards to artificially inflated levels.

16     36.    Defendants, through their officers, directors and employees, effectuated the
17 aforesaid contract, combination, trust or conspiracy between themselves and their co-
18 conspirators by, among other things:

19         a.      participating in meetings and conversations, including through various
20 trade associations and committees, to discuss the prices of Graphics Processing Units and Cards
21 in the United States;

22         b.      agreeing, during those meetings and conversations, to charge prices at
23 specified levels and otherwise to increase and maintain prices of Graphics Processing Units and
24 Cards sold in the United States;

25         c.      issuing price announcements and quotations in accordance with the
26 agreements reached; and

27         d.      selling Graphics Processing Units and Cards to various customers in the
28 United States at non-competitive prices.

CLASS ACTION COMPLAINT                - 10 -

1    37.    Defendants' contract, combination, trust or conspiracy was centered in, carried

2  out, effectuated and perfected mainly in the State of California. Therefore, all members of the

3  Class, whether or not California residents, are entitled to recover under California law, as well as

4  the laws of their own states.

## ACTIVE CONCEALMENT

6    38.    Throughout the Class Period, Defendants and their co-conspirators affirmatively

7  and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-

8  conspirators conducted their conspiracy in secret and kept it mostly within the confines of their

9  higher-level executives. Defendants and their co-conspirators publicly provided pre-textual and

10  false justifications regarding their price increases. Defendants and their co-conspirators

11  conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts

12  in furtherance thereof, and actively concealed their activities through various other means and

13  methods to avoid detection. Plaintiff did not discover, and could not have discovered through

14  the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the

15  antitrust laws as alleged herein until shortly before this class action litigation was commenced.

16    39.    As a result of the active concealment of the conspiracy by Defendants and their

17  co-conspirators, any and all applicable statutes of limitations otherwise applicable to the

18  allegations herein have been tolled.

## FIRST CAUSE OF ACTION

## (Violation of Section 1 of the Sherman Act)

21    40.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

22  every allegation set forth in the preceding paragraphs of this Complaint.

23    41.    Beginning at a time presently unknown to Plaintiff, but at least as early as

24  November 30, 2002 and continuing through the present, the exact dates being unknown to

25  Plaintiff, Defendants and their co-conspirators entered into a continuing agreement,

26  understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

27  stabilize prices for Graphics Processing Units and Cards in the United States, in violation of

28  Section 1 of the Sherman Act, 15 U.S.C. § 1.

CLASS ACTION COMPLAINT                - 11 -

1    42.    In formulating and carrying out the alleged agreements, understanding and

2 conspiracy, the Defendants and their co-conspirators did those things that they combined and

3 conspired to do, including, but not limited to, the acts, practices, and course of conduct set forth

4 above, and the following among others:

5           a.    To fix, raise, maintain and stabilize the price of Graphics Processing Units

6 and Cards;

7           b.    To allocate markets for Graphics Processing Units and Cards among

8 themselves;

9           c.    To submit rigged bids for the award and performance of certain Graphics

10 Processing Units and Cards contracts; and

11          d.    To allocate among themselves the production of Graphics Processing

12 Units and Cards.

13   43.    The combination and conspiracy alleged herein has had the following effects,

14 among others:

15          a.    Price competition in the sale of Graphics Processing Units and Cards has

16 been restrained, suppressed, and/or eliminated in the United States;

17          b.    Prices for Graphics Processing Units and Cards sold by Defendants and

18 their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-

19 competitive levels throughout the United States; and

20          c.    Those who purchased Graphics Processing Units and Cards directly or

21 indirectly from Defendants and their co-conspirators have been deprived of the benefits of free

22 and open competition.

23   44.    Plaintiff has been injured and will continue to be injured in his business and

24 property by paying more for Graphics Processing Units and Cards purchased indirectly from the

25 Defendants and their co-conspirators than he would have paid and will pay in the absence of the

26 combination and conspiracy, including paying more for personal computers and other products

27 in which Graphics Processing Units and Cards is a component as a result of higher prices paid

28 for Graphics Processing Units and Cards by the manufacturers of those products.

CLASS ACTION COMPLAINT                - 12 -

1    45.    Plaintiff and the class are entitled to an injunction against Defendants, preventing
2  and restraining the violations alleged herein.

3                              **SECOND CAUSE OF ACTION**

4                    **(Violation of the California Cartwright Act)**

5    46.    Plaintiff incorporates and realleges, as though fully set forth herein, each and
6  every allegation set forth in the preceding paragraphs of this Complaint.

7    47.    Defendants' contract, combination, trust or conspiracy was centered in, carried
8  out, effectuated and perfected mainly within the State of California, and Defendant's conduct
9  within California injured all members of the Class throughout the United States. Therefore, this
10 cause of action under California law is brought on behalf of all members of the Class, whether or
11 not they are California residents.

12    48.    Beginning at a time presently unknown to Plaintiff, but at least as early as
13 November 30, 2002, and continuing threreafter at least up to the present, Defendants and their
14 co-conspirators entered into and engaged in a continuing unlawful trust in restraint of the trade
15 and commerce described above in violation of Cal. Bus. & Prof. Code § 16720. Defendants, and
16 each of them, have acted in violation of § 16720 to fix, raise, stabilize and maintain prices of,
17 and allocate markets for, Graphics Processing Units and Cards at supra-competitive levels.

18    49.    The aforesaid violations of Cal. Bus. & Prof. Code § 16720, consisted, without
19 limitation, of a continuing unlawful trust and concert of action among the Defendants and their
20 co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the
21 prices of, and to allocate the markets for, Graphics Processing Units and Cards.

22    50.    For the purpose of forming and effectuating the unlawful trust, the Defendants
23 and their co-conspirators have done those things which they combined and conspired to do,
24 including, but in no way limited to, the acts, practices and course of conduct set forth above and
25 the following:

26          a.    to fix, raise, maintain and stabilize the price of Graphics Processing Units
27 and Cards;

28

CLASS ACTION COMPLAINT              - 13 -

1        b.    to allocate markets for Graphics Processing Units and Cards amongst

2 themselves;

3        c.    to submit rigged bids for the award and performance of certain Graphics

4 Processing Units and Cards contracts; and

5        d.    to allocate amongst themselves the production of Graphics Processing

6 Units and Cards.

7    51.    The combination and conspiracy alleged herein has had, *inter alia*, the following

8 effects:

9        a.    price competition in the sale of Graphics Processing Units and Cards has

10 been restrained, suppressed and/or eliminated in the State of California and throughout the

11 United States;

12        b.    prices for Graphics Processing Units and Cards sold by Defendants and

13 their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-

14 competitive levels in the State of California and throughout the United States; and

15        c.    those who purchased Graphics Processing Units and Cards from

16 Defendants and their co-conspirators have been deprived of the benefit of free and open

17 competition.

18    52.    Plaintiff and the other members of the Class paid supra-competitive, artificially

19 inflated prices for Graphics Processing Units and Cards.

20    53.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and

21 the members of the Class have been injured in their business and property in that they paid more

22 for Graphics Processing Units and Cards than they otherwise would have paid in the absence of

23 Defendants' unlawful conduct. As a result of Defendant's violations of § 16720 of the California

24 Business & Professions Code, Plaintiff seeks treble damages and the costs of suit, including

25 reasonable attorneys' fees, pursuant to § 16750(a) of the California Business & Professions

26 Code.

27

28

CLASS ACTION COMPLAINT                - 14 -

1

2

## **THIRD CAUSE OF ACTION**

### **(Violation of the California Unfair Competition Law)**

3      54.      Plaintiff incorporates and realleges, as though fully set forth herein, each and

4  every allegation set forth in the preceding paragraphs of this Complaint.

5      55.      Defendants' business acts and practices were centered in, carried out, effectuated

6  and perfected mainly within the State of California, and Defendant's conduct within California

7  injured all members of the Class throughout the United States. Therefore, this claim for relief

8  under California law is brought on behalf of all members of the Class, whether or not they are

9  California residents.

10      56.      Beginning on a date unknown to Plaintiff, but at least as early as November 30,

11  2002, and continuing thereafter at least up through the present, Defendants committed and

12  continue to commit acts of unfair competition, as defined by §§ 12700, *et seq.* of the California

13  Business and Professions Code, by engaging in the acts and practices specified above.

14      57.      This Claim is instituted pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204,

15  to obtain restitution from these Defendants for acts, as alleged herein, that violated Cal. Bus.

16  Prof. Code § 17200, commonly known as the Unfair Competition Law.

17      58.      The Defendants' conduct as alleged herein violated § 17200. The acts, omissions,

18  misrepresentations, practices and non-disclosures of Defendants, as alleged herein, constituted a

19  common continuous and continuing course of conduct of unfair competition by means of unfair,

20  unlawful and/or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof.

21  Code §§ 17200, *et seq.*, including, but not limited to, the following:

22          a.      The violations of § 1 of the Sherman Act, as set forth above;

23          b.      The violations of Cal. Bus. & Prof. Code §§ 16720, *et seq.*, set above;

24          c.      Defendants' acts, omissions, misrepresentations, practices and non-

25  disclosures, as described above, whether or not in violation of Cal. Bus. & Prof. Code §§ 16720,

26  *et seq.*, and whether or not concerted or independent acts, are otherwise unfair, unconscionable,

27  unlawful or fraudulent;

28

CLASS ACTION COMPLAINT                - 15 -

1                d.        Defendants' acts and practices are unfair to consumers of Graphics

2 Processing Units and Cards in the State of California and throughout the United States, within

3 the meaning of Cal. Bus. & Prof. Code § 17200; and

4                e.        Defendants' acts and practices are fraudulent or deceptive within the

5 meaning of Cal. Bus. & Prof. Code § 17200 of the California Business & Professions Code.

6        59.     Plaintiff and each of the Class members are entitled to full restitution and/or

7 disgorgement of all revenues, earnings, profits, compensation and benefits which may have been

8 obtained by Defendants as a result of such business acts or practices.

9        60.     The illegal conduct alleged herein is continuing and there is no indication that

10 Defendants will not continue such activity into the future.

11      61.     The unlawful and unfair business practices of Defendants, and each of them, as

12 described above, have caused and continue to cause Plaintiff and the members of the Class to

13 pay supra-competitive and artificially-inflated prices for Graphics Processing Units and Cards.

14 Plaintiff and the members of the class suffered injury in fact and lost money or property as a

15 result of such unfair competition.

16      62.     The conduct of Defendants as alleged in this Complaint violates § 17200 of the

17 California Business & Professions Code.

18      63.     As alleged in this Complaint, Defendants and their co-conspirators have been

19 unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition.

20 Plaintiff and the members of the Class are accordingly entitled to equitable relief including

21 restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits

22 which may have been obtained by Defendants as a result of such business practices, pursuant to

23 the Cal. Bus. & Prof. Code §§ 17203 and 17204.

24                             **FOURTH CAUSE OF ACTION**

25            **(Violation of State Antitrust and Unfair Competition Laws)**

26      64.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

27 every allegation set forth in the preceding paragraphs of this Complaint.

28

CLASS ACTION COMPLAINT        - 16 -

1    65.    By reason of the foregoing, Defendants have entered into agreements in restraint
2    of trade in violation of Alabama Code §§ 8-10-1, *et seq.*

3    66.    By reason of the foregoing, Defendants have entered into agreements in
4    restraining of trade in violation of Arizona Revised Stat. §§ 44-1401, *et seq.*

5    67.    By reason of the foregoing, Defendants have entered into agreements in restraint
6    of trade in violation of California Bus. & Prof. Code §§ 16700, *et seq.* and California Business &
7    Professions Code §§ 17200, *et seq.*

8    68.    By reason of the forgoing, Defendants have entered into agreements in restraint of
9    trade in violation of District of Columbia Code Ann. §§28-4503, *et seq.*

10    69.    By reason of the forgoing, Defendants have entered into agreements in restraint of
11    trade in violation of Iowa Code §§ 553.1, *et seq.*

12    70.    By reason of the foregoing, Defendants have entered into agreements in restraint
13    of trade in violation of Kansas Stat. Ann. §§ 50-101, *et seq.*

14    71.    By reason of the foregoing, Defendants have entered into agreements in restraint
15    of trade in violation of Maine Rev. Stat. Ann. Tit. 10, §§ 1101, *et seq.*

16    72.    By reason of the foregoing, Defendants have entered into agreements in restraint
17    of trade of Michigan Comp. Laws Ann. §§ 445.772, *et seq.*

18    73.    By reason of the foregoing, Defendants have entered into agreements in restraint
19    of trade in violation of Minnesota Stat. §§ 325D.52, *et seq.*

20    74.    By reason of the foregoing, Defendants have entered into agreements in restraint
21    of Mississippi Code Ann. §§ 75-21-1, *et seq.*

22    75.    By reason of the foregoing, Defendants have entered into agreements in restraint
23    of trade in violation of Nebraska Rev. Stat. §§ 59-801, *et seq.*

24    76.    By reason of the foregoing, Defendants have entered into agreements in restraint
25    of trade in violation of Nevada Rev. Stat. Ann. §§ 598A, *et seq.*

26    77.    By reason of the foregoing, Defendants have entered into agreements in restraint
27    of trade in violation of New Mexico Stat. Ann. §§ 57-1-1, *et seq.*

28

CLASS ACTION COMPLAINT                    - 17 -

1    78.    By reason of the foregoing, Defendants have entered into agreements in restraint

2  of trade in violation of North Carolina Gen. Stat. §§ 75-1, *et seq.*

3    79.    By reason of the foregoing, Defendants have entered into agreements in restraint

4  of trade in violation of North Dakota Cent. Code §§ 51-08.1-01, *et seq.*

5    80.    By reason of the foregoing, Defendants have entered into agreements in restraint

6  of trade in violation of South Dakota Codified Laws §§ 37-1, *et seq.*

7    81.    By reason of the foregoing, Defendants have entered into agreements in restraint

8  of trade in violation of South Dakota Codified Laws §§ 37-1, *et seq.*

9    82.    By reason of the foregoing, Defendants have entered into agreements in restraint

10  of trade in violation of Tennessee Code Ann. §§ 47-25-101, *et seq.*

11    83.    By reason of the foregoing, Defendants have entered into agreements in restraint

12  of trade in violation of Vermont Stat. Ann. §§ 2453, *et seq.*

13    84.    By reason of the foregoing, Defendants have entered into agreements in restraint

14  of trade in violation of West Virginia Code §§ 47-18-1, *et seq.*

15    85.    By reason of the foregoing, Defendants have entered into agreements in restraint

16  of trade in violation of Wisconsin Stat. §§ 133.01, *et seq.*

17    86.    Class Members in each of the states listed above paid supra-competitive,

18  artificially inflated prices for Graphics Processing Units and Cards.  As a direct and proximate

19  result of Defendants' unlawful conduct, such members of the Class have been injured in their

20  business and property that they paid more for Graphics Processing Units and Cards than they

21  otherwise would have paid in the absence of Defendants' unlawful conduct.

22                           **FIFTH CAUSE OF ACTION**

23          **(Violation of State Consumer Protection and Unfair Competition Laws)**

24    87.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

25  every allegation set forth in the preceding paragraphs of this Complaint.

26    88.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or

27  fraudulent acts or practices in violation of the state consumer protection and unfair competition

28  statutes listed below.

CLASS ACTION COMPLAINT                - 18 -

89.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§ 45.50.471, *et seq.*

90.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §§ 4-88-101, *et seq.*

91.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §§ 17200, *et seq.*

92.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §§ 28-3901, *et seq.*

93.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §§501.201, *et seq.*

94.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §§ 480, *et seq.*

95.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Ann. §§ 48-601, *et seq.*

96.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. Ann. §§ 50-623, *et seq.*

97.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Rev. Stat. §§ 51:1401, *et seq.*

98.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maine Rev. Stat. tit. 5, §§ 207, *et seq.*

99.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code §§ 30-14-101, *et seq.*

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. §§ 59-1601, *et seq.*

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. §§ 57-12-1, *et seq.*

102.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York Gen. Bus. Law §§ 349, *et seq.*

1   103.   Defendants have engaged in unfair competition or unfair or deceptive acts or
2   practices in violation of North Carolina Gen. Stat. §§ 75-1.1, *et seq.*

3   104.   Defendants have engaged in unfair competition or unfair or deceptive acts or
4   practices in violation of Oregon Rev. Stat. §§ 646.605, *et seq.*

5   105.   Defendants have engaged in unfair competition or unfair or deceptive acts or
6   practices in violation of Rhode Island Gen. Laws §§ 6-13.1-1, *et seq.*

7   106.   Defendants have engaged in unfair competition or unfair or deceptive acts or
8   practices in violation of South Carolina Code Ann. §§ 39-5-10, *et seq.*

9   107.   Defendants have engaged in unfair competition or unfair or deceptive acts or
10   practices in violation of Utah Code §§ 13-11-1, *et seq.*

11   108.   Defendants have engaged in unfair competition or unfair or deceptive acts or
12   practices in violation of Vermont Stat. Ann. tit. 9, §§ 2451, *et seq.*

13   109.   Defendants have engaged in unfair competition or unfair or deceptive acts or
14   practices in violation of West Virginia Code §§ 46A-6-101, *et seq.*

15   110.   Defendants have engaged in unfair competition or unfair or deceptive acts or
16   practices in violation of Wyoming Stat. § 40-12-105.

17   111.   Class Members in the states listed above paid supra-competitive, artificially
18   inflated prices for Graphics Processing Units and Cards. As a direct and proximate result of
19   Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their
20   business and property in that they paid more for Graphics Processing Units and Cards than they
21   otherwise would have paid in the absence of Defendants' unlawful conduct.

22                                   **SIXTH CAUSE OF ACTION**

23                        **(Unjust Enrichment and Disgorgement of Profits)**

24   112.   Plaintiff incorporates and realleges, as though fully set forth herein, each and
25   every allegation set forth in the preceding paragraphs of this Complaint.

26   113.   Defendants have been unjustly enriched through overpayments by Plaintiff and
27   Class members and the resulting profits.

28

CLASS ACTION COMPLAINT                    - 20 -

1    114.    Under common law principles of unjust enrichment, Defendants should not be

2 permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

3    115.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and

4 establishment of a constructive trust from with Plaintiff and Class members may seek restitution.

5                              **PRAYER FOR RELIEF**

6    WHEREFORE, Plaintiff prays:

7    A.    That the Court determine that the Sherman Act, state antitrust law, and state

8 consumer protection and/or unfair competition law claims alleged herein may be maintained as a

9 class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

10    B.    That the unlawful conduct, contract, conspiracy or combination alleged herein be

11 adjudged and decreed to be:

12        1.    A restraint of trade or commerce in violation of Section 1 of the Sherman

13 Act, as alleged in the First Cause of Action;

14        2.    An unlawful combination, trust, agreement, understanding, and/or concert

15 of action in violation of the state antitrust laws identified in the Second and Fourth Causes of

16 Action herein;

17        3.    Violations of the state consumer protection and unfair competition law

18 identified in the Third and Fifth Causes of Action herein; and

19        4.    Acts of unjust enrichment as set forth in the Sixth Cause of Action herein.

20    C.    That Plaintiff and the Class recover damages, as provided by federal and state

21 antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered

22 against Defendants in an amount to be trebled in accordance with such laws;

23    D.    That Defendants, their affiliates, successors, transferees, assignees, and the

24 officers, directors, partners, agents, and employees thereof, and all other persons acting or

25 claiming to act on their behalf, be permanently enjoined and restrained from in any manner: (1)

26 continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged

27 herein, or from entering into any other conspiracy alleged herein, or from entering into any other

28 contract, conspiracy, or combination having a similar purpose or effect, and from adopting or

1  following any practice, plan, program, or device having a similar purpose or effect; and (2)

2  communicating or causing to be communicated to any other person engaged in the sale of

3  Graphics Processing Units and Cards, information concerning bids of competitors;

4      E.      That Plaintiff be awarded restitution, including disgorgement of profits obtained

5  by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

6      F.      That Plaintiff and members of the Class be awarded pre- and post-judgment

7  interest, and that that interest be awarded to the highest legal rate from and after the date of

8  service of the initial complaint in this action;

9      G.      That Plaintiff and members of the Class recover their costs of this suit, including

10  reasonable attorneys' fees as provided by law; and

11      H.      That Plaintiff and members of the Class have such other, further and different

12  relief as the case may require and the Court may deem just and proper under the circumstances.

13                          **JURY TRIAL DEMANDED**

14      Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs respectfully

15  demand a trial by jury.

16

17  Dated:  1-3-08                              KRAUSE, KALFAYAN, BENINK
                                                & SLAVENS, LLP
18

19

20                                              Ralph B. Kalfayan, Esq.
                                                David M. Watson, Esq.
21                                              625 Broadway, Suite 635
                                                San Diego, CA 92101
22                                              Telephone: (619) 232-0331
                                                Facsimile: (619) 232-4019
23
                                                Attorneys for Plaintiff
24

25

26

27

28

CLASS ACTION COMPLAINT                  - 22 -

1

## CERTIFICATE OF INTERESTED PARTIES

2       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, no such interest

3   is known other than that of the named parties to this action.

4

5   Dated: __1-3-08__

6

        KRAUSE, KALFAYAN, BENINK
        & SLAVENS, LLP

7

8           Ralph B. Kalfayan, Esq.
        David M. Watson, Esq.

9           625 Broadway, Suite 635
        San Diego, CA 92101

10          Telephone: (619) 232-0331
        Facsimile: (619) 232-4019

11

        Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT         - 23 -